Baker, Judge,
concurring.
I fully concur with the majority opinion. I write separately to urge our Supreme Court to revisit its interpretation of the right of allocution as codified in Indiana Code section 35-38-1-5. For two reasons, I believe that a broader interpretation of “sentencing” would be the best practice. First, the right of allocution, in my view, is a fundamental right of every criminal defendant who faces a potential loss of freedom. Furthermore, every trial judge who is about to order said loss of freedom is aided when a defendant is permitted to explain to the court the potential consequences of a prison term. This is no less true in the context of a revocation of probation than it is in the context of the original pronouncement of the defendant’s sentence. I believe that a broader interpre *420 tation of “sentencing” should encompass probation revocation proceedings so that this fundamental right is secure during each point in time when the defendant faces a loss of freedom.
Second, I believe that a consistent rule will be easier for trial judges to manage. In other words, trial courts already have to ask the defendant at the initial sentencing hearing whether he wants to make a statement on his own behalf but are not currently required to do so at probation revocation hearings. In my view, it would simplify matters considerably to hold, across the board, that trial courts must make this inquiry on any occasion when the court is about to impose incarceration on a defendant. In that way, the inquiry becomes a routine that cannot be overlooked or questioned. For these two reasons, I hope that our Supreme Court ■will revisit this issue, holding that Indiana Code section 35-38-1-5 does, in fact, apply to probation revocation proceedings.